UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                          No. 02-4296

MICHAEL O. PRAYLOW,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-00-191)

Submitted: October 31, 2002

Decided: December 3, 2002

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert N. Boorda, Columbia, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael O. Praylow appeals his forty-six month sentence imposed pursuant to his conviction upon a guilty plea to one count of conspiracy to distribute and to possess with intent to distribute crack cocaine. Praylow's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two possible issues on appeal but stating that, in his view, there are no meritorious issues for appeal. Although Praylow was informed of his right to file a pro se supplemental brief, he has not done so.

Praylow first argues that his indictment was defective for failing to charge a specific amount of drugs, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Praylow was sentenced to far less than the 240-month maximum sentence under 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2002), where no specific drug amount is charged, the indictment is not defective. *See United States v. White*, 238 F.3d 537, 542 (4th Cir.), *cert. denied*, 532 U.S. 1074 (2001).

Praylow next contends that the district court incorrectly calculated the amount of drugs for which he was responsible. The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). This can be established when a defendant fails to properly object to a recommended finding in a presentence report ("PSR") that the court determines to be reliable. *Id.* Because Praylow did not object to the PSR, the district court was free to adopt the PSR's findings. We find that the court did not clearly err in so doing, particularly in light of the fact that, even on appeal, Praylow presents no evidence that the PSR was based on unreliable or inaccurate information.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Praylow's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a peti-

tion would be frivolous, then counsel may move in the court for leave to withdraw from representation. Counsel's motion must state a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*